CITY OF INDEPENDENCE, Respondent, v. INDEPENDENCE WATERWORKS COMPANY, Appellant.

Kansas City Court of Appeals, March 6, 1911.

MUNICIPAL CORPORATIONS; Waterworks: Regulation of Rates by Ordinance: Meters. By ordinance, the minimum water rate was raised five cents per thousand gallons, and a provision was inserted therein that the water company should make no rental charge for meters which it installed. Under the terms of the company's charter, the water rates could only be revised by a mutual agreement between the city and the water company. The company did not accept the entire proposition of the city. It did, however, put into effect the proposition for the increase of rates, but refused to permit the free use of its

meters, and threatened to remove them unless the consumers paid rental. *Held,* that, where the city is content with the remedy afforded by the judgment of the circuit court holding that the company had authority to charge consumers a rental for the use of its meters, but enjoining it from making any additional charge for water, such judgment will be affirmed, although perhaps the city might have enjoined the company from charging rent for the use of its meters upon the theory that, having accepted and acted upon one part of the proposed rerating, it was estopped from denying the binding effect of the remaining part of the proposition.

Appeal from Jackson Circuit Court.—*Hon Walter A. Powell,* Judge.

AFFIRMED.

*J. M. Callahan* and *Cook & Gossett* for appellant.

*Allen C. Southern* for respondent.

BROADDUS, P. J.—This is a suit by the city of Independence to restrain the defendant Waterworks Company from putting into effect its declared intention of compelling private consumers of water by water meter service, to pay a rental for their use, or else the company will remove about one thousand such meters belonging to and previously placed on the premises of the water users by the company.

Before the case came to trial the pleadings were amended so as to bring in issue the question of rates of compensation the company was claiming the right to charge and collect from private water consumers, being at the rate of thirty cents per thousand gallons for water delivered on meter measurement.

The water company furnishes water to its patrons on what is known as the flat rate; that is, so much for a house; the minimum being $5.25 per annum payable quarterly for a four room house, and the rate increasing proportionately for larger houses with more rooms, etc. The other is the meter rate, that is, the consumer

pays so much per thousand gallons by measure. Under this plan the consumer is bound to pay for so many thousand feet whether he uses it or not; if he uses more than the so many thousand feet he pays for the extra at the same ratio.

Under what is called the revision ordinance of the city, January, 1905, the consumer paid twenty-five cents per thousand for 24,000 gallons of water whether the consumer used it or not. This made the minimum meter rate six dollars per annum.

The defendant is the successor of the Independence Water Company established in 1883, and was granted its franchise in 1898. The old water company charged for water used on meter service thirty-five cents per thousand gallons with minimum charge of nine dollars per year, and while it was in business, put in a number of water meters at its own cost.

The defendant after it commenced to operate the water plant followed the same rate of charges for water consumed on meter service and installed many new meters at its own expense.

In 1909 the city at the request of the company proposed by ordinance to revise the water rates. The minimum meter rate as heretofore stated, was fixed at thirty cents per gallon for 20,000 gallons to each consumer. But the city by its council, in section 4 of its proposed ordinance provided that: "On all meters heretofore installed or which shall be hereafter installed, either by the company or the private consumer, as provided by the franchise, there shall be no rental, inspection, repair, or maintenance charge. . . . ."

The company refused to accede to the provisions of said section 4, and insisted on charging consumers twenty-five cents a month as a rent for their use of its meters; and upon the failure of the consumers to pay said rental or put in meters of their own the company asserted its right to remove the ones that they had theretofore put in for their use.

The defendant's charter contains the following in reference to private meters: "Private water consumers where they desire so to do, shall be permitted to use water by meter measurement upon furnishing an approved meter and said water company reserves the right to set meters whenever there is any doubt as to the quantaty of water used or wasted."

The charter in question constitutes what is called a contract between the city and the company and the city is powerless to impose upon the company further conditions and burdens without its consent. This is conceded by all to be the law. [State ex rel. v. Corrigan, 85 Mo. 263; Los Angeles v. Waterworks Co., 177 U. S. 558.] The charter of the company does not authorize the city to make a revision of water rates every two years. It reads: "The private water rates to consumers shall be agreed upon by said Independence Waterworks Company and the council of the city of Independence, which shall be no higher than the average rate of St. Louis, etc., . . . which rate shall be subject to revision every two years by said Independence Waterworks Company and council of the city of Independence." Thus it will be seen that there can be no revision until both the city and the company agree upon its terms. The ordinance in question was binding upon neither the city nor the company until it was accepted by the company. Until then it was only a proposed revision of the water rates.

The company did not accept the proposed revision, but it put into effect the proposition to the increase of five cents per thousand gallons of water, but refused to accede to that part of the proposal to permit the free use of its meters to the private water consumers, and threatened to remove such meters unless the consumers paid rent for their use.

At this stage of the controversy the city asked the aid of the court to compel the company to forego charging the additional rate to consumers. The company

answered that it has accepted the increase for compensation for water furnished consumers, because it was a reasonable regulation, but that it repudiates the requirement to refrain from charging rental for its meters. It is willing to accept the benefits of the proposal, but denies its willingness to accept its burdens.

The company's contention, that it had the right to reject one and accept the other of the proposed revisions of rates would perhaps be true if the city was authorized under the charter, to revise rates without consulting the company. The company in such case would only be bound by reasonable regulations.

But as said the case is entirely different. It is altogether a matter of agreement. The city has no power to revise without the consent of the company. Such being the situation, the company had no authority to raise rates to the private consumer unless it accepted the entire proposition of the city.

The court held, that the company had the authority to charge consumers a rental for the use of its meters, but enjoined it for making the additional charge to consumers of five cents per thousand gallons of water. Perhaps the city might have enjoined the company for charging for the use of its meters upon the theory of its having accepted and acted upon one part of the proposed rerating, it was estopped from denying the binding force and effect of the remaining part of said proposition, but as the city does not rely upon such estoppel and is content with the remedy afforded by the judgment, there can be no cause of complaint. As the matter stands, the whole question is left open for future adjustment, which is all that is necessary to preserve the rights of both parties.

The rightfulness of the judgment we think is unquestionable. Affirmed. All concur.